Evans, J.
delivered the opinion of the Court.
This Court is satisfied with the Chancellor’s decree in this case so far as it goes; but it was.due to the defendant, John Cockrell, that in ordering him to deliver up the negroes to be re-sold by the Sheriff, the money, paid by him for the purchase of them, should have been directed to be refunded. The decree therefore in this particular is amended, and the sheriff is ordered to refund to John Cockrell out of the money arising from the re-sale of the said negroes the sum of three hundred and seventy-five dollars.
The fourth ground of appeal was pressed with much earnestness on the Court, and it thought proper to discuss the principle upon which it is founded. The objection is that John Neil was an incompetent witness, and therefore should not have been sworn. The witness is said to be incompetent for two reasons: 1st. that he had indemnified the sheriff: 2nd. that being a judgment creditor he was interested in the result of the suit.
The fact upon which the first ground is predicated, is denied, and *137 there is no evidence of its truth, except that it is so stated in the bill. Formerly indeed it was held, that bills in chancery were evidence, against the complainant, of the facts stated in them ; but this notion has been overruled, and they are now held to be evidence only of the fact of filing the bill,and of such other matters as are the subject of reputation, and hearsay evidence, as the complainant’s pedigree, and the like: and even of this some doubts have been made. Peake’s Ev. 85. This ground of objection cannot therefore prevail.
In the second ground there is a seeming difficulty, but it is believed that the difficulty is only in appearance. It is said, that the witness, John Neil, is interested in procuring a decree of the Court of Equity, which will put an end to an action at law, upon the decision of which depends his right to receive the money in the sheriff’s hands. Now, in the first place, John Neil’s right, as the oldest judgment creditor, to receive- the money in the hands of the sheriff, does not depend on the decision o'f the action at law between James Cockrell and the sheriff. The sheriff has sold the interest of H. Y. Neil in the negroes; and upon this interest the creditors had a lien. This lien the sheriff has extinguished by the sale, and substituted the money arising from the sale in lieu of the lien ; and shall the sheriff extinguish the lien of the creditor, and not give him the proceeds of it ? I apprehend not. The sheriff is not bound to risk becoming a trespasser ; and if the title to property levied on be disputed, he has a right to demand ample indemnity before he proceeds. He is not bound to act even if indemnity be tendered to him, but may leave the creditor to his remedy in the Court of Equi. ty : where he will find ample relief against the fraudulent claims, usually interposed to protect the debtor’s property against the just claims of his creditor. If the sheriff does however act, the execution creditors will be intitled to the money arising from the sale; and the sheriff must look to the indemnity, if he has taken one, and if he has not, it was his own folly to act without. Tt does not follow as a consequence of this, that the sheriff will not be allowed to retain the money, where he has become involuntarily a trespasser, and had no notice of the adverse claim until after the sale. It may be, that in such case if he be sued before he has paid over the money, he would be allowed to retain it as his indemnity.
But even admitting that John Neil’s right to demand the money in the sheriff’s hands depended on the decision of the action at law between James Neil and the sheriff, still he would be competent to prove what he was called to prove. The decision of the action at *138 ^aW ^ePent^s on question, whether the sale by H. Y. Neil to* James Cockrell, was fraudulent, or not. John Neil’s testimony has-no relation to this question ; and should it be rejected, and the bill' dismissed as to John Cockrell, yet the decree as to James Cockrell, depending on other testimony, would not be interfered with. It follows from the reasoning, that admitting John Neil to be interested in the question depending at law, between J ames Cockrell and-the sheriff, and that he might be incompetent to testify on that point,as the decree in this case would put an end to the action at law yet the fraudulency of the sale from H. Y. Neil to James Cockrell,being established by other testimony, and his right to the money in-the sheriff’s hands being clear and unquestionable, he had no interest in the other question, whether the purchase of John Cockrell1, was set aside or not. The money in the sheriff’s hands will pay.' his debt, and he has no interest in increasing it by a resale of thenegroes.

Decree modified.